
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1175 | **DATE** | 2/7/2002 |
| **CASE TITLE** | Chow vs. Aegis Mortgage Corp., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff/counter-defendant's motion to dismiss counterclaim by Aegis(12-1) is granted. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 08 2002 | 21 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 FEB -7 PM 11: 54 | 2/7/2002 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in Central Clerk's Office | MPJ mailing deputy initials | |

```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION


ALVIN F. CHOW,                    )
                                  )
            Plaintiff,            )
                                  )
      v.                          )   No. 01 C 1175
                                  )
AEGIS MORTGAGE CORPORATION        )
d/b/a NEW AMERICAN FINANCIAL,     )
an Oklahoma Corporation in good   )
standing, FUTURE BANKERS, INC.,   )
KATHLEEN HELMS, individually,     )
GENE KAPUTSKA, individually,      )
and GMAC MORTGAGE CORPORATION,    )
                                  )
            Defendants.           )
```

DOCKETED FEB 8 2002

## MEMORANDUM OPINION AND ORDER

Alvin Chow's experience with negotiating a mortgage loan for a house in Barrington, Illinois, through Aegis Mortgage Company and the other defendants was a real estate purchaser's nightmare. He alleges that, beginning in June 1999, he repeatedly paid various of the defendants thousands of dollars to lock in and secure the necessary loans, and was assured that these monies were refundable or applicable to the loan, but this was not true. In particular, he says that he paid over $9,000 to defendant Future Bankers, Inc. ("Future Bankers"), a mortgage broker, and its then employee Gene Kaputska as lock-in fees that were never reported. While waiting for the loan, he says that the defendants assured him that he would receive a loan on terms resembling the initial agreement that he

signed with Future Bankers in January 2000, but he did not receive any such thing. Among other things, his initial lock-in fees were not applied to the loan. On March 20, 2000, when Mr. Chow closed on the property with Aegis, the financial services firm with whom Future Bankers arranged Mr. Chow's loan, he received loan documents that he says were contradictory and did not resemble the initial agreement. GMAC bought the servicing rights to the loan in May, 2000.

On June 20, 2001, Mr. Chow paid off the loan, as Aegis concedes in its opposition to the motion to dismiss. I treat this concession as a "judicial admission" a "'deliberate, clear and unequivocal' statement, either written or oral, made in the course of judicial proceedings," *Medcom Holding Co. v. Baxter Travenol Labs, Inc.*, 106 F.3d 1388, 1404 (7th Cir. 1997)(citing *Lefkas General Partners No. 1017*, 153 B.R. 804, 807 (N.D. Ill. 1993)), that is "binding upon the party making [it]. . . . Indeed, [it is] 'not evidence at all but rather ha[s] the effect of withdrawing a fact from contention.'" *Keller v. United States,* 58 F.3d 1194, 1199 (7th Cir. 1995) (citation omitted). *See United States v. One Heckler-Koch Rifle,* 629 F.2d 1250, 1253 (7th Cir. 1980) (holding that a representation in a brief, although "neither in a pleading nor an affidavit," nonetheless "may be treated as a[ judicial] admission"). *Accord American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226-27 (9th Cir. 1988); See *Plastic Container Corp. v.*

2

*Continental Plastics of Oklahoma, Inc.*, 607 F.2d 885, 906 (10th Cir. 1979).

Mr. Chow sued under the Truth in Lending Act, 15 U.S.C. § 1638 *et seq.* ("TILA"), and Regulation Z, 12 C.F.R. § 226.18-.19 (count I), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA") and Regulation X, 24 C.F.R. § 3400.14(c) (count III), the Illinois Loan Brokers Act, 815 ILCS 175/15-85 (count VI), breach of contract(counts VII and VIII), unjust enrichment (count IX), and common law fraud (count X). (Counts II, IV, and V have been voluntarily dismissed.) Aegis counterclaimed for common law fraud, alleging that Mr. Chow lied when he signed several papers, basically on the same facts under which he sues under RESPA and in part under TILA, that did not disclose that he paid kickbacks to Future Bankers employee Gene Kaputska as purported lock in fees. Aegis contends that it suffered more than $50,000 in damages "including, but not limited to, being required to defend plaintiffs' lawsuit, devoting its corporate resources to this matter, attorneys' fees, and expenses." Counterclaim ¶ 15. It also prays for punitive damages. Despite the boilerplate language, Aegis alleges no other compensatory damages--nor could it, since Mr. Chow has paid in full.

Mr. Chow moves to dismiss the counterclaim, arguing that it would be perverse to allow Aegis to sue him for fraud because he failed to disclose payments that Future Bankers collected and that

3

Aegis and Future Bankers failed to disclose as required by TILA and RESPA. He says that the result would be to overturn the disclosure rules under these statutes. He is quite right, and I dismiss the counterclaim for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

In the first place, on the face of its complaint, Aegis lacks standing, and therefore I lack subject matter jurisdiction. The point is not raised by the parties, but I must raise subject matter jurisdiction *sua sponte*. *Garry v. Geils,* 82 F.3d 1362, 1364 (7th Cir. 1996) (*Rooker-Feldman* context). In order to sue in federal court, a plaintiff must meet the constitutional requirements for standing: (1) the party must have personally suffered an actual or threatened injury caused by the defendant's illegal conduct; (2) the injury must be fairly traceable to the challenged conduct; and (3) the injury must be one that is likely to be redressed by a favorable decision. *United Transp. Union v. Surface Transp. Board,* 183 F.3d 606, 611 n.2 (7th Cir. 1999); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992). What is utterly crystal clear, as repeatedly and recently reaffirmed by the United States Supreme Court, is that attorneys' fees and litigation costs by themselves do not provide a basis to sustain federal jurisdiction.[1] "If no

---

[1] Aegis also prays for punitive damages, but "[t]he rule in Illinois is that punitive damages may not be awarded in the absence of compensatory damages." *Kemner v. Monsanto Co.,* 576 N.E. 2d 1146, 1153 (Ill. App. Ct. 1992).

4

injury is alleged (or, if the allegation is contested, proved), and as a result there is no case or controversy between the parties within the meaning of Article III of the Constitution, the plaintiff cannot base standing on a claim for attorneys' fees." *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 665 (7th Cir. 2001); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 107-08 (1998); *Lewis v. Continental Bank*, 494 U.S. 472, 480 (1990); *Diamond v. Charles*, 476 U.S. 54, 70-71 (1986); *Rhodes v. Stewart*, 488 U.S. 1, 3 (1988) (per curiam); *Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 258 F.3d 578, 581 (7th Cir. 2001). "Otherwise the limitation of federal jurisdiction to cases and controversies would be empty." *Crabill*, 259 F.3d at 665. Aegis' counterclaim is therefore frivolous.

If I had jurisdiction, the allegation that Aegis's damages amounted to litigation costs and attorneys' fees would mean that Aegis failed to state a claim. The elements of common-law fraud are: "(1) a statement by defendant; (2) of a material nature as opposed to opinion; (3) that was untrue; (4) that was known or believed by the speaker to be untrue or made in culpable ignorance of its truth or falsity; (5) that was relied on by the plaintiff to his detriment; (6) made for the purpose of inducing reliance; and (7) such reliance led to the plaintiff's injury." *Duran v. Leslie Oldsmobile*, 594 N.E.2d 1355, 1360 (Ill. App. Ct. 1992). "[S]uch reliance must be reasonable." *Id.*

Aegis offers no legal authority that its allegations of having incurred attorneys fees and litigation costs satisfy the injury element required for common law fraud in Illinois, and I hold that they do not. Attorney's fees and costs do not appear to be even available to a prevailing party under common law fraud, as opposed to the (inapplicable) Illinois Consumer Fraud Act, 815 ILCS 505/1 et seq. ("ICFA"), which permits the award of "reasonable attorney's fees and costs to the prevailing party." *Id.* at 505/10a(c). Some immaterial exceptions aside, in Illinois "[a] party may not recover attorney fees or costs unless provided for by statute or agreement of the parties." *Art v. State*, 687 N.E.2d 126, 129 (Ill. App. Ct. 1997); *State Farm Fire and Cas. Co. v. Miller Elec. Co.*, 596 N.E.2d 169, 171 (Ill. App. Ct. 1992) (citing *House of Vision, Inc. v. Hiyane*, 245 N.E.2d 468, 472 (Ill. 1969) ("[T]here is no common-law principle allowing attorney fees either as costs or damages. . . . [T]he 'American' rule [is] consistently followed in Illinois. . . . The rule is so ingrained in our system of jurisprudence that our supreme court has repeatedly refused to change the rule even when constitutional grounds have been argued.").[2] In addition I have

---

[2] *But see Father & Sons, Inc. v. Taylor*, 703 N.E.2d 532, 537 (Ill. App. Ct. 1998) ("In addition, actions at common law fraud provide for the award of attorney fees and costs, as well as punitive damages.") (dictum) (upholding arbitrator's award of attorneys' fees in ICFA and common law fraud action); however see also *Wilson v. Sterling Foster & Co., Inc.*, No. 98 C 2733, 1998 WL 749065, at *6 (N.D. Ill. Oct. 15, 1998) (Grady, J.) ("[T]here is some authority that the 'American Rule' does not apply to arbitration.")).

found no Illinois case where attorneys' fees and litigation costs, without any further allegation of compensatory damages, were held to be sufficient to satisfy the element of damages or injury in a fraud claim.

I DISMISS Aegis' Counterclaim for lack of standing, and in the alternative for failure to state a claim.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: February 7, 2002